**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
WESTERN DIVISION**

|  |  |
|---|---|
| **Commodity Futures Trading Commission,**<br><br>　　　　**Plaintiff,**<br><br>　vs.<br><br>**Robert D. Bame and<br>Forward Investment Group, LLC,**<br><br>　　　　**Defendants.** | **Case No:<br>CV 08-05593 RGK (PLAx)** |

## PRELIMINARY INJUNCTION

Having reviewed Plaintiff's First Amended Motion for a Preliminary Injunction, the Memorandum of Points and Authorities in support of its motion and the supporting declarations and related exhibits; and the Defendants having had notice of the motion;

**THE COURT FINDS:**

1.　The Court has jurisdiction over the subject matter.

2.　Section 6c(a) of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2002), authorizes this Court to enter a Preliminary Injunction.

1

3.     It appears that there is good cause to believe that Defendants Robert D. Bame ("Bame") and Forward Investment Group, LLC ("Forward") have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(2)(ii) and 4$o$(1)(A) and (B) of the Act, 7 U.S.C. §§ 6b(a)(2)(ii) and 6$o$(1)(A) and (B).  There is good cause to believe further that pool participants and prospective pool participants may be cheated and defrauded and that immediate and irreparable damage to the Court's ability to grant effective final relief for pool participants in the form of monetary redress will occur from the dissipation of pool participants' assets and destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this order.

4.     It further appears to the satisfaction of the Court that this is a proper case for granting this preliminary injunction to preserve the status quo and to protect public pool participants and prospective pool participants from further deceit, loss or damage.

5.     "Defendants" means Bame and Forward and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Defendants.

## II.  INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1. Defendants are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   A. Making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);

   B. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B);

2. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   A. Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   B. Entering into any commodity futures or options transactions for their own accounts, for any accounts in which they have a direct or indirect interest, and/or having any commodity futures or options traded on their behalf; and

   C. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. § 4.14(a)(9), or acting, directly or indirectly, as a principal, agent, or any other officer, agent or employee of any person registered, required to be registered, or exempted from registration

        with the Commission, unless such exemption is pursuant to Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. §4.14(a)(9).

3. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashiers checks, funds, assets or other property of, or within the custody, control or possession of, Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of investors, wherever located, whether held in the name of any Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order;

    B. Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants' business operations;

    C. Denying Commission representatives access to Defendants' books and records.

3. Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of their funds, securities, assets or other property of any kind, are prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property.

4.     The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

5.     Defendant Bame shall prepare, sign and file with the Court, within 30 days, a complete and accurate accounting for the period of January 1, 2005, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

   A.  The names and last known addresses, phone numbers, and e-mail addresses of all pool participants and other investors;

   B.  All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Defendants;

   C.  All funds, securities, commodity interests, assets and other property received directly or indirectly by defendants, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

   D.  All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Defendants describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendants held by financial institutions located outside the territorial United States; and

      E.      The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Defendants, either individually or jointly.

6.      It is further ordered that representatives of the plaintiff Commission upon reasonable notice, be allowed to inspect the books, records and other electronically stored data, tape recordings, and other documents of Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of Defendants or others and to copy said documents, data, and records either on or off the premises where they may be situated.

7.      It is further ordered that Defendants shall immediately take all steps within their power to repatriate all funds, assets and property held by, under the control of, or in the name of the Defendants, whether jointly or otherwise, outside the United States, including but not limited to all funds on deposit in any banks, brokerage houses or other financial institution, by paying them to the Clerk of Court or as otherwise ordered by the Court, for further disposition in this case.

### III.  BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1, no bond need be posted by the Plaintiff CFTC, which is an agency of the United States of America.

## IV. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants, including but not limited to, the following actions:

    A.     Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    B.     Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    C.     Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants; and

    D.     Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants. This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V.  DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendant at any time since January 1, 2005, shall:

    A.    Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or is otherwise subject to access by the Defendants; and

    B.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.  EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Plaintiff may continue with expedited discovery.

## VII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.  William Janulis, Michael Tallarico, Ralph DerAsadourian and Cynthia Cannon, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## VIII.  SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to William Janulis, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## IX.  COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## X.  STATUTORY RESTRAINING ORDER SUPERSEDED

**IT IS FURTHER ORDERED** that this Preliminary Injunction supersedes the Statutory Restraining Order entered by the Court on August 26, 2008.

**IT IS SO ORDERED**.

Dated:_September 19, 2008          _____
                                                             UNITED STATES DISTRICT JUDGE